UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRUGETTE, | Case No.  2:26-cv-0199-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ROB BONTA, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, brings this action on behalf of himself and nine other plaintiffs.  ECF No. 1 at 3.  There is only one signature on the complaint and one application to proceed *in forma pauperis* on the docket, however.  Plaintiff, as a *pro se* litigant, is not authorized to represent others in this district.  Accordingly, I will dismiss the complaint with leave to amend so that plaintiff may bring only his own claims or, alternatively, present a complaint signed by all relevant plaintiffs (each of whom must also submit an application to proceed *in forma pauperis*).  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 5.

1

Screening Order

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff, as a *pro se* layman, may not bring and litigate claims on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 U.S. 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered

2

to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). This rule prohibits suits like the one at bar, where plaintiff appears to present this litigation as a "class action." ECF No. 1 at 3 (stating that the complaint is intended as a "class action civil rights complaint."). Here, only plaintiff has signed the complaint and only he has submitted an *in forma pauperis* application. Thus, plaintiff should file an amended complaint containing only his own claims. Alternatively, prisoner plaintiffs may join in a single lawsuit where their claims are related, each has signed the complaint and, if proceeding *in forma pauperis*, each has submitted a completed application.

Plaintiff's complaint is dismissed with leave to amend so that he (or they) may remedy this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

Dated:    April 3, 2026                                          _____
                                                                JEREMY D. PETERSON
                                                                UNITED STATES MAGISTRATE JUDGE

3