UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BRUGETTE,

Plaintiff,

v.

ROB BONTA, *et al.*,

Defendants.

Case No. 2:26-cv-0199-JDP (P)

ORDER

Plaintiff, a state prisoner at Mule Creek State Prison, brings this action under section 1983 and alleges that defendants violated his rights by exposing him to contaminated water. ECF No. 11 at 5-6. The complaint does not meet federal pleading standards, and I will dismiss it with leave to amend.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Federal pleading standards are not overly demanding, but they do require any complaint to give each defendant fair notice of the specific claims being made against him or her. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, plaintiff's lengthy complaint references numerous water issues faced by California Department of Corrections and Rehabilitation at Mule Creek State Prison ("MCSP") over the years, ECF No. 11 at 13, and broadly alleges that "[t]he information is clear that the wardens up to the secretary new (sic) that there was, and still is a water contamination . . . ." *Id.* at 14. But the complaint provides no

specific allegations as to what each named defendant knew, when he or she knew it, and what power or responsibility each had to address issues that allegedly affected plaintiff's health. This failure is especially pronounced here, where plaintiff relies on incidents from as far back as 2005 to bolster his claim that the water at MCSP is contaminated. ECF No. 11 at 15. I cannot tell what each defendant is specifically alleged to have known or done during the various time periods invoked by the complaint. Additionally, the complaint references exhibits, but there are no labeled documents attached to the complaint. *Id.* at 14 (referencing exhibits "A" and "B.").

I will dismiss the complaint with leave to amend so that plaintiff may address these deficiencies. Any amended complaint should in succinct, plain, and specific terms describe each named defendant's alleged involvement. Broad, vague claims that do nothing more than advance an "unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), will not pass screening. Any amended complaint filed by plaintiff must be submitted on the complaint form accompanying this order, be complete in itself, and be labelled "Second Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 11, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: July 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE